## J. H. HENZOG v. HARRY NEIMEGER'S ASSIGNEE.

**Landlord and Tenant.**
    No contract to pay rent can be presumed nor implied where one merely remains in possession of premises he has sold, and nothing is shown to prove that the relation of landlord and tenant had ever existed between the parties.

**New Trial—Cumulative Evidence.**
    A new trial will not be given on newly discovered evidence which is merely cumulative.

APPEAL FROM KENTON CIRCUIT COURT.

November 17, 1877.

OPINION BY JUDGE LINDSAY:

Henzog testified that Neimeger was to pay him rent for the house. The latter swore that he was to have the use of it free of rent.  The jury accepted Neimeger's version, and this court cannot say their finding was flagrantly and palpably wrong.  Consequently grounds Nos. 1, 2 and 3, set up and relied on for a new trial, can avail appellant nothing in this court.

The court gave but one instruction to the jury, and that was not objected to by either party.  No objection was taken by appellant to any of the testimony allowed to go to the jury.  Hence he was not entitled to a new trial on either one of grounds No. 4, 5 or 6.

Appellant admitted the correctness of the account sued on, but sought to avoid the effects of his admission by showing that Neimeger had rented his house, and that the account was applied to the judgment of the rents.  Neimeger denied the renting, and the burden was on appellant to prove it.

The law does not in all cases presume a contract to pay rent, and

as in this instance Neimeger merely remained in the possession of premises he had sold to appellant, and as the relation of landlord and tenant had never existed between them, the contract to pay would not be implied. At any rate appellant could not have been substantially prejudiced by being given the conclusion of the argument.

The newly discovered testimony was merely cumulative. It tended only to support the evidence of Henzog, and did not entitle him to a new trial.

Judgment *affirmed.*

*J. F. and H. Fisk, Tisdale Dengler, for appellant.*

*Whitaker & Gray, for appellee.*